WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
SANYA HILL-MAXION – #18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:   (415) 625-5650
Facsimile:    (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>SCHWAN'S CONSUMER BRANDS OF NORTH AMERICA, INC.,<br><br>            Defendant. | Civil Action No. C 05 02161<br><br>COMPLAINT<br><br>Civil Rights - Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

### NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Suzanna Mayhew, who was adversely affected by such practices.   Defendant Schwan's Consumer Brands of North America, Inc., subjected Ms. Mayhew to unlawful sex discrimination when it refused to allow her to return to work and terminated her employment because of her pregnancy.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f) (1)

1 and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.
2 §2000e-5(f) (1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a);
3 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k).
4     2.    The unlawful employment practices alleged herein were committed in the
5 State of California, thus venue is proper "in any judicial district in the State in which the
6 unlawful employment practice is alleged to have been committed." (§706(f)(3) of Title
7 VII, 42 U.S.C. §2000e-5(f)(3)). Venue is therefore proper in the United States District
8 Court for the Northern District of California.

9                    **INTRA-DISTRICT ASSIGNMENT**

10    3.    This action is appropriate for assignment to San Francisco/Oakland as the
11 administrative charges underlying this case were investigated in the San Francisco
12 District Office of Plaintiff Equal Employment Opportunity Commission, and the records
13 related to that investigation are in San Francisco.

14                              **PARTIES**

15    4.    Plaintiff, the Equal Employment Opportunity Commission
16 ("Commission"), is the agency of the United States of America charged with the
17 administration, interpretation and enforcement of Title VII, and is expressly authorized
18 to bring this action by Section 706 (f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f) (1)
19 and (3).
20    5.    The Commission is informed and believes, and on said information and
21 belief alleges that at all relevant times Defendant Schwan's Consumer Brands of North
22 America, Inc. ("Schwan's) is a corporation formed under the laws of the state of
23 Minnesota and operating under the laws of the state of California, and has continuously
24 had at least 15 employees.
25    6.    At all relevant times, Defendant Schwan's has continuously been an
26 employer engaged in an industry affecting commerce within the meaning of Sections
27 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).
28 //

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Suzanna Mayhew ("Charging Party") filed a charge with the Commission alleging violations of Title VII by Defendant Schwan's. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on or about January 15, 2003, Defendant engaged in unlawful employment practices in violation of Section 703 (a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by discriminating against Charging Party because of her sex. On or about January 15, 2003, Defendant unlawfully refused to allow Charging Party to return to work from leave during her pregnancy, despite the fact that she could perform all her job functions, and instead replaced her; in further violation of the statute on or about May 9, 2003 Defendant discharged Charging Party because of her pregnancy.

9. The effect of the action complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her employment status because of her sex.

10. The unlawful employment practices complained of above were and are intentional.

11. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination based on pregnancy, childbirth, or related medical conditions.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal Employment Opportunities for female employees and which eradicate the effect of their past and present unlawful employment practices of sex discrimination based on pregnancy, childbirth, or related medical conditions.

C. Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement and/or front pay in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, with interest, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

//
//
//
//
//
//
//
//
//
//
//

1  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

**Eric S. Dreiband**
General Counsel
**James L. Lee**
Deputy General Counsel
**Gwendolyn Young Reams**
Associate General Counsel

**Equal Employment Opportunity Commission**
1801 L Street, N.W.
Washington, DC 20507

Date: May 23, 2005

_____
WILLIAM R. TAMAYO
Regional Attorney

Date: May 23, 2005

_____
JONATHAN T. PECK
Supervisory Trial Attorney

Date: May 23, 2005

_____
CINDY O'HARA
Senior Trial Attorney

**Equal Employment Opportunity Commission**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105